UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 21-10799 MER |
| AVERY ASPHALT, INC. *et al.*, ) | Chapter 11 |
| ) | **Jointly Administered** |
| Debtors.¹ ) | |
| _____ ) | |
| ) | |
| AVERY ASPHALT, INC., ) | |
| ) | Adversary Proceeding No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| WEX BANK, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Avery Asphalt, Inc., chapter 11 debtor-in-possession, by and through undersigned counsel, for its Complaint, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e) and 28 U.S.C. § 157(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Pursuant to Fed.R.Bankr.P. 7008, Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

---

1. The following cases are subject to joint administration: Avery Asphalt, Inc. – Case No. 21-10799 MER; Avery Equipment, LLC – Case No. 21-10800 MER; Avery Holdings, LLC – Case No. 21-10801 MER; 1401 S. 22nd Avenue, LLC – Case No. 21-10802 MER; LBLA Ventures, Inc. – Case No. 21-10805 MER; Regional Pavement Maintenance of Arizona, Inc. – Case No. 21-10808 MER.

## GENERAL ALLEGATIONS

6. Avery Asphalt, Inc. ("Debtor") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 19, 2021 (the "Petition Date").

7. Defendant WEX Bank ("Defendant") is a Utah corporation with a principal place of business of 111 East Sego Lily Drive, Suite 250, Sandy, Utah 84070. Defendant's registered agent for service of process in Colorado is Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

8. According to Debtor's Statement of Financial Affairs, Debtor paid Defendant a total of at least $49,601.36 within 90 days before the Petition Date. Debtor's general ledger and bank account statements also reflect payments in excess of this amount in the 90-days prior to the Petition Date. These payments are referred to herein as the "Pre-Petition Payments."

9. On or about January 29, 2021, Cordes and Company, LLC (the "Receiver") was appointed as receiver of the Debtor and its property, among other things.

10. Based on reasonable due diligence and considering the Defendant's reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), including, but not limited to, the appointment of the Receiver and the Debtor's emergency bankruptcy filing in response, the Debtor asserts that the Pre-Petition Payment is avoidable.

## FIRST CLAIM FOR RELIEF
**(Avoidable transfer under 11 U.S.C. § 547(b))**

11. The Debtor incorporates by this reference the allegations contained in Paragraphs 1 through 10 above as though more fully set forth in this Claim for Relief.

12. Each of the Pre-Petition Payments were a "transfer" as that term is defined in Section 101(54) of the Bankruptcy Code.

13. The Pre-Petition Payments were made to or for the benefit of Defendant.

14. At the time of the Pre-Petition Payments, Defendant was a creditor of the Debtor.

15. The Pre-Petition Payments were made for or on account of an antecedent debt owed by the Debtor before such transfer was made.

16. The Pre-Petition Payments were made while the Debtor was insolvent.

17. The Pre-Petition Payments were made on or within ninety days before the Petition Date.

18. The Pre-Petition Payments enabled Defendant to receive more than Defendant would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b)

the transfer had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests that the Court enter judgment in its favor and against Defendant as follows: (a) avoiding the Pre-Petition Payments pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided transfers or the value thereof from Defendant; and (c) granting such other relief as the Court deems appropriate.

Dated this 17th day of February, 2023.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

/s/David J. Warner
David J. Warner, #38708
2580 W. Main St., Ste. 200
Littleton, CO 80120
303-296-1999 / 303-296-7600 FAX
dwarner@wgwc-law.com
Attorneys for the Plaintiff/Debtor